**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MELISSA GOODWIN, Case No.:

Plaintiff,

v.

BODUM USA, INC.,

Defendant.
-------------------------------------------------------X

# COMPLAINT

Plaintiff, **MELISSA GOODWIN** ("Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **MILBERG PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **BODUM USA, INC.** ("Bodum" and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a products liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Bodum Chambord French Press Coffeemaker (hereafter referred to as "subject coffee press" or "coffee press(es)") designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, promoted, distributed and sold by Bodum USA, Inc.

2. On or about November 18, 2024, Plaintiff was using the subject coffee press consistent with its intended purpose of making coffee. As Plaintiff depressed the plunger knob, the glass coffee press shattered, forcing scalding hot water to burst out of the coffee press and onto Plaintiff's left arm and breasts. As a result, Plaintiff sustained partial-thickness burns to her thighs.

3. Bodum's coffee presses are defectively designed and manufactured in that the subject coffee presses' plunger units possess inadequately and defectively designed steel coil components. Specifically, the steel coil used in the coffee press plunger assembly does not prevent uncoiling of the steel coil's endpiece, allowing the end-piece to become uncoiled and jut toward the outer portion of the plunger, coming into contact with the glass container during use.

4. This is not the first time a consumer has been severely injured while using one of Bodum's coffee presses, nor is the subject coffee press the only one of Bodum's products to suffer from dangerous defects.

5. On or about October 29, 2026, the Consumer Products Safety Commission ("CPSC") issued a recall involving 5.9 million glass carafes stating that they "can unexpectedly break during use."[1]

6. Bodum knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their coffee presses to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective coffee presses regardless of the risk of significant injuries to Plaintiff and consumers like her.

7. As a direct and proximate result of Defendant's conduct, Plaintiff in this case has incurred permanent bodily injuries, medical expenses, physical pain, mental anguish, lost wages, diminished enjoyment of life, and other damages.

---

[1] *See* https://www.cpsc.gov/Recalls/2027/Bodum-USA-Recalls-5-9-Million-French-Press-Coffee-Makers-with-Replaceable-Glass-Carafes-Due-to-Risk-of-Serious-Burn-Injury (last accessed November 3, 2026).

**PLAINTIFF MELISSA GOODWIN**

8. Plaintiff is a resident and citizen of the City of Philadelphia, County of Philadelphia, State of Pennsylvania, and is domiciled in the same. Plaintiff is therefore a resident and citizen of the State of Pennsylvania for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

9. On or about November 18, 2024, Plaintiff was using the coffee press designed, marketed, imported, distributed, and sold by Defendant for its intended and reasonably foreseeable purpose of brewing coffee when she sustained server burn injuries as the direct and proximate result of the subject coffee press's glass carafe shattering during the normal, intended use of the coffee press. The incident occurred as the result of the coffee press' defect(s), namely, the coffee press' defective plunger unit and steel coil component.

**DEFENDANT BODUM USA, INC.**

10. Defendant Bodum USA, Inc. designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject coffee press in this case.

11. Bodum is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the state of New York with its principal place of business at 45 East 20th Street, 8th Floor, New York, NY 10003. Bodum does business in all 50 states. Bodum is therefore deemed to be a resident and citizen of the State of New York for the purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principle place of business is located in this district.

## FACTUAL BACKGROUND

14. Bodum is engaged in the business of designing, warranting, marketing, importing, distributing and selling the coffee presses at issue in this litigation.

15. On or about November 18, 2024, Plaintiff was using the subject coffee press consistent with its intended purpose of making coffee. As Plaintiff depressed the plunger knob, the glass coffee press shattered, forcing scalding hot water to burst out of the coffee press and onto Plaintiff's left arm and breasts. As a result, Plaintiff sustained partial-thickness burns to her thighs.

16. Bodum coffee presses are defectively designed and manufactured in that the subject coffee presses' plunger units possess inadequately and defectively designed steel coil components. Specifically, the steel coil used in the coffee press plunger assembly does not prevent uncoiling of the steel coil's endpiece, allowing the end-piece to become uncoiled and jut toward the outer portion of the plunger, coming into contact with the glass container during use.

17. This is not the first time a consumer has been severely injured while using one of Bodum's coffee presses, nor is the subject coffee press the only one of Bodum's products to suffer from dangerous defects.

18. On or about October 29, 2026, the Consumer Products Safety Commission ("CPSC") issued a recall involving 5.9 million glass carafes stating that they "can unexpectedly break during use."[2]

19. At the time the coffee press was designed and sold by Bodum, it was defective in design and unreasonably dangerous as designed, as the coffee press in question did not possess an adequately designed steel coil component in its plunger unit. Specifically, the steel coil used in the coffee press plunger assembly did not prevent uncoiling of the steel coil's endpiece, allowing the

---

[2] *Id.*

end-piece to become uncoiled and jut toward the outer portion of the plunger, coming into contact with the glass container during use.

20. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the coffee press with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use for brewing coffee.

21. Plaintiff used the subject coffee press for its intended purpose of brewing and preparing coffee, and did so in a manner that was reasonable and foreseeable by Bodum.

22. However, the aforementioned coffee press was defectively and negligently designed by Bodum in that it failed to properly function and was capable of shattering and breaking during the ordinary, foreseeable and proper use of the product; placing the Plaintiff, her family, and similar consumers in danger while using the coffee presses.

23. Bodum's coffee presses possess defects that make them unreasonably dangerous for their intended use by consumers in that the steel coils used in the coffee press plunger assemblies do not prevent uncoiling of the steel coils' endpiece, allowing the end-piece to become uncoiled and jut toward the outer portion of the plunger, coming into contact with the glass container during use.

24. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

25. Economic, safer alternative designs were available that could have prevented the coffee press' carafe from breaking or shattering during use.

26. As a direct and proximate result of Bodum's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a

product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous coffee press, which resulted in significant and painful bodily injuries.

27. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Bodum's coffee press as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT PRODUCTS LIABILITY

28. Defendant designed, manufactured, sold, distributed, marketed, and supplied the subject coffee press, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and was otherwise unreasonably dangerous for its intended use by foreseeable consumers, including Plaintiff.

29. The subject coffee press was unreasonably dangerous in design and manufacture because the coffee press' plunger unit possessed a steel coil with two end pieces. These steel ends were wrapped around the adjacent portion of the steel coil. At the time of manufacture, the steel end-piece was not adequately wrapped around the adjacent piece. During use, this end-piece became uncoiled, allowing the steel end-piece to come into contact with the glass container during use.

30. Defendant failed to act reasonably in choosing a design of the subject coffee press that did not prevent the end of the steel coil from coming in contact with the glass carafe during use.

31. At the time the subject coffee presses were manufactured and sold by Defendant they were defective, unsafe, and unreasonably dangerous for their intended and foreseeable use(s) by consumers, including Plaintiff, due to these defects or omissions by Defendant.

32. The defects of the subject coffee presses allowed the exposed ends of the steel coil to come in contact with and damage the subject coffee presses' carafes during normal, intended use, leading to serious personal injuries like those described herein in this Complaint.

33. Defendant failed to conduct adequate safety testing and inspection of the subject coffee press.

34. Defendants failed to warn foreseeable users and consumers, including Plaintiff, of any specific risk of harm, including the subject coffee press' carafe could suddenly and unexpectedly shatter or break during its normal directed use.

35. The subject coffee press was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was manufactured.

36. A reasonable consumer, including Plaintiff, would not have reason to expect that the carafe of the subject coffee press could shatter or break during its normal directed use.

37. Plaintiff did not misuse or materially alter the subject coffee press and is unaware as to how she could have avoided the incident.

38. At the time it was sold, Defendant knew or should have known that the glass carafe's exposure to the exposed steel coil could lead to the glass carafe shattering or breaking during its normal directed use.

39. The design and/or manufacturing defects contained within the subject coffee press, as well as Defendant's inadequate warnings and instructions for the use of the subject coffee press, were the proximate causes of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and her resulting damages, for which the Defendant in this case is liable.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her Complaint to include a claim for punitive damages, according to proof.

**COUNT II**

**NEGLIGENCE**

44. Defendant, including its officers, employees, and agents, had a duty of reasonable care to market and sell non-defective coffee presses, including the subject coffee press, that were reasonably safe for their intended uses by consumers.

45. Defendant failed to exercise the ordinary care required by reasonably prudent manufacturers, retailers and/or distributors in the design, manufacture, marketing, distribution, sale, and advertising of its coffee presses, including the subject coffee press, in that Defendant knew or should have known that its coffee presses created an unreasonable risk of substantial harm to Plaintiff and other consumers alike.

46. Defendant was negligent in designing, manufacturing, advertising, marketing, distributing, and selling the subject coffee press in that, among other things, it:

a. Failed to use due care in designing and manufacturing the coffee press to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce; and

c. Was otherwise careless or negligent.

47. Defendant's negligence was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and her resulting damages, for which the Defendant in this case is liable.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her Complaint to include a claim for punitive damages, according to proof.

## COUNT III

## NEGLIGENT MANUFACTURING DEFECT

48. At all times material to the allegations in this Complaint, Defendant was in the business of manufacturing, designing, testing, marketing, certifying, supplying, selling, importing and distributing the subject coffee press, which was negligently manufactured.

49. Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting the coffee presses, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

50. As a result, the subject coffee press contained defects, which rendered it unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the manufacturing process allowed the end of the steel coil of the coffee press' plunger unit to come into contact with the glass container during use.

51. Prior to and at the time of the incident at issue in this lawsuit, the subject coffee press was not materially changed from the condition in which was manufactured.

52. Even though Defendant knew or should have known that its coffee presses possessed the defects described herein, Defendant continued to market and sell these coffee presses, including the subject coffee press, to the general public.

53. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her Complaint to include a claim for punitive damages, according to proof.

**COUNT IV**

**NEGLIGENT DESIGN DEFECT**

54. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

55. At all times material to the allegations in this Complaint, Defendant was in the business of manufacturing, designing, testing, marketing, certifying, supplying, selling, importing and distributing the subject coffee press, which was negligently designed.

56. Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its coffee presses, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

57. As a result, the subject coffee press contained defects in its design, which rendered it unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defects in its design allowed the end of the steel coil of the coffee press' plunger unit to come into contact with the glass container during use.

58. Prior to and at the time of the incident at issue in this lawsuit, the subject coffee press was not materially changed from the condition in which was manufactured.

59. Even though Defendant knew or should have known that its coffee presses possessed the defects described herein, Defendant continued to market and sell these coffee presses, including the subject coffee press, to the general public.

60. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her Complaint to include a claim for punitive damages, according to proof.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

61. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

62. Defendant manufactured, supplied, and sold its coffee presses with an implied warranty that they were merchantable and fit for the ordinary purposes for which they were intended.

63. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

64. Defendant's coffee presses were not merchantable and fit for the ordinary purposes for which they were intended as a safe means of brewing and preparing coffee due to the defects in the coffee presses as described herein.

65. The subject coffee press was purchased with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended use of preparing coffee.

66. Defendant's breach of implied warranty was the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her Complaint to include a claim for punitive damages, according to proof.

## INJURIES & DAMAGES

67. As a direct and proximate result of Defendant's negligence and wrongful conduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

68. As a direct and proximate result of Defendant's negligence and wrongful conduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

69. As a direct and proximate cause of Defendant's negligence and wrongful conduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered from the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective coffee press;

D. That all costs be taxed against Defendant;

E. That pre-judgment and post-judgment interest be awarded according to proof;

F. That she be allowed leave to amend her Complaint to include a claim for punitive damages, according to proof; and

G. That this Court award any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted this 3rd day of November, 2026.

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
**MILBERG PLLC**
100 Garden City Plaza, Suite 408
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
rkassan@milberg.com

*In association with:*

Adam J. Kress (*Pro Hac Vice to be filed)*
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / 612-436-1801 (fax)
akress@johnsonbecker.com

*Attorneys for Plaintiff*